IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,809-01






EX PARTE MOSES GALINDO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 00-01-9294-A IN THE 24TH DISTRICT COURT


FROM DE WITT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault with a deadly weapon and sentenced to fifteen years' imprisonment. Applicant's conviction
was affirmed on appeal. Galindo v. State, No. 13-02-00503-CR (Tex. App.-Corpus Christi,
delivered August 12, 2004, pet. ref'd). 

 Applicant contends that his plea was involuntary and that he was incompetent to plead guilty. 
Specifically, Applicant asserts that his plea was not knowingly and voluntarily made because of the
combination of medications he was taking. According to Applicant, during the time between his
arrest and guilty plea, he was taking several different medications, including antidepressants,
anticonvulsants, antihistamines, sedatives/hypnotics, and narcotic analgesics. Applicant argues that
he "was in no shape to make the type of major decision" involved in his plea and that he could not
have had sufficient ability to consult with counsel with a reasonable degree of rational understanding.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. The trial court
shall forward any records regarding Applicant's guilty plea and the admonishments given prior to
the acceptance of the plea.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 7, 2007

Do not publish